**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: 11/4/11

Docket #: **11-44266**

Debtor: **Bryan, Brady L Jr.**

Co-Debtor: **Bryan, Marianne**

SS#: **6735**

SS#: **5687**

Address: **1 Underwood Ave**

Address: **1 Underwood Ave**

**Boylston, MA  01505**

**Boylston, MA  01505**

Debtor's Counsel:

**Law Office of Robert W. Kovacs, Jr.**
**172 Shrewsbury Street**
**Worcester, MA  01604**

**(508) 926-8833**
**(508) 459-1723**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO OR IF THIS IS AN AMENDED PLAN THEN YOU HAVE UNTIL 30 DAYS AFTER THE FILING OF THE AMENDED PLAN TO  FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Docket#: **11-44266**

DEBTORS:  (H) **Bryan, Brady L Jr.**          SS# **6735**
          (W) **Bryan, Marianne**             SS# **5687**

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **840.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☒ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

**Debtors needs the additional time to cure the liquidation test and to pay the arrears on their home mortgage loan.**

☐ ____ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Chase | Mortgage Arrears on first mortgage | 22,000.00 |
| Boylston Water and and Light | Public Utility | 600.00 |
| | Total of secured claims to be paid through the Plan: $ | 22,600.**00** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Chase** | **Mortgage account -- first in priority** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| | **LIEN STRIP OF WHOLLY UNSECURED SECOND MORTGAGE** | |
| **Bank of America** | The second mortgage held by Bank of America/MERS and any and all successors and assigns is wholly unsecured by the Debtors' primary/principle residence located at 1 Underwood Ave, Boylston, MA.<br><br>The debtors have listed the second mortgage as a modified unsecured claim to be paid pro-rate from the unsecured POT of funds in this Plan.<br><br>Upon Debtors' successful completion of this Plan and entry/order of discharge of debtors' debts by the court:<br>(1) the lien held by Bank of America/MERS and any and all successors and assigns shall be canceled, voided, removed and discharged from debtors real estaet; and<br>(2)B ank of America/MERS and any and all successors and assigns shall provide to the debtors a mortgage discharge in a form that complies with the recording requirements at the Southern Worcester County Registry of Deeds.<br><br>Said mortgage is recorded with the Worcester County Registry of Deeds at **Book 41046 page 131** | This claim is being treated as unsecured and will be paid pro-rate from the unsecured POT. |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____.

E. SECURED PROPERTY BEING SURRENDERED THROUGH THIS BANKRUPTCY:

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $ **0.00**

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **2,724.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:
**THIS IS A POT OR POOL PLAN: The Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (The "Pot"). the dividend listed is for informational purposes only, the actual dividend paid may be higher or lower than the one listed.**

The general unsecured creditors shall receive a dividend of **17.9%** of their claims.

A. General unsecured claims: $ **44,418.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Bank of America | Wholly unsecured second in priority mortgage loan. | 58,445.00 |

C. Non-Dischargeable Unsecured Claims:

**Claims listed in this subsection are generally non-dischargeable. Debtor may seek a determination from the Court the claims listed here are dischargeable. Listing of a claim under this subsection does not and should not be construed as Debtor(s) admission that these claims are non-dischargeable.**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **ACS** | **Student Loan** | **8,800.00** |

D. Unsecured claims arising after surrender of secured property or return of property from unexpired lease:

| Creditor | Collateral Surrendered | Amount of Unsecured Claim |
|---|---|---|

Total of A + B + C + E unsecured claims: $ __**111,663.00**__

E. Multiply total by percentage**: $ 20,036.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

F. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ __**0.00**__

VI. OTHER PROVISIONS:

**1. THIS IS A POT OR POOL PLAN: The Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (The "Pot"). the dividend listed is for informational purposes only, the actual dividend paid may be higher or lower than the one listed.**

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total): $ 22,60**0.00**
b. Priority claims (Section II-A & B Total): $ **0.00**
c. Administrative claims (Section III-A & B Total): $ **2,724.00**
d. Regular unsecured claims (Section IV-D Total): + $ 20,036.**00**
e. Separately classified unsecured claims: $ **0.00**
f. Total of a + b + c + d + e above: $ 45,360.**00**
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: $ 50,400.**00**
  (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: 60 months
i. Round up to nearest dollar: Monthly Plan Payment: $ **840.00**
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Upon order of the Court the Standing Trustee shall make pre-confirmation adequate protection payments to secured creditors.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **1 Underwood Ave** | **217,000.00** | **287,746.00** |
| **63 Lower Camp Road** | **27,500.00** | 8,000.00 |

Total Net Equity for Real Property: $ 27,500.00
Less Total Exemptions (Schedule C): $ 8,000.**00**
Available Chapter 7: $ 19,500.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1983 Harley Davidson FLHT** | **3,550.00** | **0.00** | **3,550.00** |
| **2000 Chevorolet Impala -- 150,000 miles -- value from NADA** | **2,050.00** | **0.00** | **2,050.00** |
| **2000 Buick LaSabre -- 125,000 -- value from NADA** | **2,875.00** | **0.00** | **3,450.00** |

| | | | |
|---|---|---|---|
| 2000 GMC Savanna -- 125,000 miles -- value from NADA -- | 1,060.00 | 0.00 | 1,060.00 |

Total Net Equity:  $  **9,535.00**
Less Total Exemptions (Schedule C):  $  **9,535.00**
Available Chapter 7:  $  **0.00**

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:  $  **87,150.00**
Less Exemptions (Schedule C):  $  **87,150.00**
Available Chapter 7:  $  **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 22,710.00

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

*/s/ Robert W. Kovacs, Jr.*                                                **November 4, 2011**
Debtor's Counsel                                                            Date

Attorney's Address:
**Law Office of Robert W. Kovacs, Jr.
172 Shrewsbury Street
Worcester, MA  01604**

Tel. # **(508) 926-8833**                    Email Address: **Robert@RKovacsLaw.com**


I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.
*/s/ Brady L Bryan, Jr.*                                            **November  4, 2011**
Debtor                                                                         Date
*/s/ Marianne Bryan*                                                **November  4, 2011**
Debtor                                                                         Date