United States Bankruptcy Court
District Of Massachusetts
Central Division

In Re:
    Brady Bryan, Jr., and
    Marianne Bryan
        Debtor

Case No.    11-44266 CJP

Chapter:    13

## MOTION TO APPROVE LOAN MODIFICATION

**NOW COME** Brady Bryan, Jr. and Marianne Bryan, through counsel, in the above captioned matter, and respectfully moves the Court for an order approving the Debtors' home loan modification. The Debtors state as follows:

1. Debtors commenced this case on October 12, 2011 by filing a Voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Code.

2. The §341 Meeting was first scheduled for November 18, 2011.

3. Debtors' Chapter 13 Plan was confirmed on April 18, 2013.

4. Debtors have recently completed a trial home loan modification and has been offered a permanent modification of their home mortgage loan. Said modification is attached to this Motion as exhibit 1.

5. In summary the terms of the loan modification are as follows:

    a. Interest Rate:    4.25%

    b. New Monthly Principle and Interest Payment:    $945.63

6. It would be in the best interest of the Debtors' and the estate for the loan modification to be approved.

**WHEREFORE**, Debtor prays that this Honorable Court:

      a. Allow the Motion and Approve the Loan Modification; and

      b. Order any other relief that is fair and equitable.

Dated: December 16, 2015

Respectfully Submitted by,

Brady Bryan, Jr. and Marianne Bryan

Through their Attorney,

/s/ Robert W. Kovacs, Jr.
Robert W. Kovacs, Jr.
Bar No.: 671497
Law Office of Robert W. Kovacs, Jr.
172 Shrewsbury Street
Worcester, MA 01604
Telephone No.: (508) 926-8833
E-Mail: Robert@RKovacsLaw.com

EXHIBIT 1

Recording Requested By/Return To:
JPMORGAN CHASE BANK, N.A.
CHASE RECORDS CENTER
RE: COLLATERAL TRAILING
DOCUMENTS
PO BOX 8000
MONROE, LA 71203

This Instrument Prepared By:


JPMORGAN CHASE BANK, N.A.
3415 VISION DRIVE
COLUMBUS, OH 43219-6009

——————————————— [Space Above This Line For Recording Data] ———————————————

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

**Loan Number** ■■■■

This Loan Modification Agreement ("Agreement"), will become effective on: 1ST day of DECEMBER, 2015, between BRADY L. BRYAN, JR. AND MARIANNE BRYAN, HUSBAND AND WIFE ("Borrower")  and **JPMORGAN CHASE BANK, N.A. SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA** ("Lender")  amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument"), and Timely Payment Rewards Rider, if any, dated MARCH 07, 2005 and recorded in reference numbers of documents modified: RECORDED MARCH 11, 2005 BOOK 35863 PAGE 283 INSTRUMENT NO. 2005 00037502 and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real property described in the Security Instrument and defined therein as the "Property", located at:

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 1 of 10 pages)



Loan Number ▮

1 UNDERWOOD AVE, BOYLSTON, MASSACHUSETTS 01505
(Property Address)

the real property described being set forth as follows:

LEGAL DESCRIPTION:
THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF WORCESTER, CITY OF BOYLSTON AND STATE OF MASSACHUSETTS, DESCRIBED AS FOLLOWS: A PARCEL OF LAND ON THE WESTERLY SIDE OF UNDERWOOD AVENUE IN BOYLSTON, WORCESTER COUNTY, MASSACHUSETTS, BEING THE NORTHERLY PORTION OF LOT NO. 3 SHOWN ON PLAN OF LAND ENTITLED 'PLAN OF HOUSE LOTS IN BOYLSTON, MASS., FOR O.E. JOHNSON CONSTRUCTION CO. INC. OWNER, SCALE 1 IN. = 40 FT. MARCH 1, 1957, GEORGE D. WHITE, MARLBORO, MASS., SURVEYOR' RECORDED AT WORCESTER DISTRICT REGISTRY OF DEEDS, PLAN BOOK 230, PLAN 10, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT WHERE THE WESTERLY LINE OF UNDERWOOD AVE. MEETS THE SOUTHERLY LINE OF FAIRACRE DRIVE AS SHOWN ON AFOREMENTIONED PLAN; THENCE NORTH 25 DEGREES 58 MINUTES 20 SECONDS EAST ONE HUNDRED FORTY-FIVE AND 18/100THS (145.18) FEET BY THE WESTERLY LINE OF UNDERWOOD AVENUE TO THE SOUTHWESTERLY CORNER OF LOT NO. 4 SHOWN ON AFOREMENTIONED PLAN; THENCE NORTH 70 DEGREES 17 MINUTES 52 SECONDS WEST BY LOT NO. 4 A DISTANCE OF ONE HUNDRED THIRTY-TWO FEET TO A POINT AT LAND NOW OR FORMERLY OF SCOTT; THENCE SOUTH 8 DEGREES 25 MINUTES 10 SECONDS WEST BY SAID SCOTT LAND ONE HUNDRED FIVE (105) FEET TO A POINT; THENCE SOUTH 28 DEGREES 41 MINUTES 00 SECONDS EAST BY SAID SCOTT LAND SIXTY- ONE AND 20/100THS (61.20) FEET TO LOT NO. 2 SHOWN ON AFOREMENTIONED PLAN; THENCE SOUTH 69 DEGREES 29 MINUTES 40 SECONDS EAST BY SAID LOT NO. 2 A DISTANCE OF FORTY-NINE AND 85/100THS (49.85) FEET TO THE POINT OF BEGINNING. EXCEPTING THEREFROM A STRIP OF LAND FIFTEEN (15) FEET IN WIDTH ALONG THE LAST MENTIONED BOUND WHICH STRIP OF LAND FIFTEEN (15) FEET IN WIDTH IS SHOWN ON AFOREMENTIONED PLAN AS A 15' DRAINAGE EASEMENT. BEING THE SAME PROPERTY CONVEYED TO BRADY L. BRYAN, JR. AND MARIANNE BRYAN, BY DEED FROM CAROLYN A. MILLIN DATED AUGUST 24, 2001, RECORDED ON AUGUST 29, 2001 IN BOOK 24726, PAGE 182, INSTRUMENT NUMBER 132191, IN THE REGISTER'S OFFICE FOR WORCESTER COUNTY, MA. PARCEL ID: 17-12

Tax Parcel No: 17-12

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of DECEMBER 01, 2015, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $218,079.07 consisting of the unpaid amount(s) loaned to the Borrower by the Lender plus any interest and other amounts capitalized.

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 2 of 10 pages)



Loan Number

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.250%, from NOVEMBER 01, 2015. The Borrower promises to make monthly payments of principal and interest of U.S. $945.63, beginning on the 1ST day of DECEMBER, 2015, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.250% will remain in effect until the principal and interest are paid in full. If on NOVEMBER 01, 2055 (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if the Borrower is not a natural person and a beneficial interest in the Property is sold or transferred) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

4. The Borrower understands and agrees that:
   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.
   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, or by the United States Bankruptcy Code, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of the Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which the Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by the Lender.
   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.
   (d) All costs and expenses incurred by the Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by the Lender.
   (e) The Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

*(Page 3 of 10 pages)*



Loan Number

approved and accepted by the Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) That, if the Borrower is in bankruptcy upon execution of this document, the Borrower will cooperate fully with the Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. The Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

5. If the Borrower previously received a Chapter 7 bankruptcy discharge but did not reaffirm under applicable law amounts due under the Note:

(a) Notwithstanding anything to the contrary contained in this Agreement, the Borrower and the Lender acknowledge the effect of a discharge in bankruptcy that, if granted to the Borrower prior to the execution of this Agreement,
(b) The Lender may not pursue the Borrower for personal liability. However, the Borrower acknowledges that the Lender retains certain rights, including but not limited to, the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances.
(c) The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default thereunder.
(d) Nothing in this Agreement shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

6. The Borrower hereby absolutely and unconditionally assigns and transfer to the Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon this assignment, the Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in the Lender's sole discretion. As used in this paragraph, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold estate.

The Borrower hereby absolutely and unconditionally assigns and transfers to the Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. The Borrower authorizes the Lender or the Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to the Lender or the Lender's agents. However, the Borrower shall receive the Rents until (i) the Lender has given the Borrower notice of default under this Agreement, pursuant to Section 22 of the Security Instrument, and (ii) the Lender has given notice to the tenant(s) that the Rents are to be paid to the Lender or the Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If the Lender gives notice of default to the Borrower: (i) all Rents received by the Borrower shall be held by the Borrower as trustee for the benefit of the Lender only, to be applied to the sums secured by the Security Instrument; (ii) the Lender shall be entitled to collect and receive all of the

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 4 of 10 pages)



Loan Number

Rents of the Property; (iii) the Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to the Lender or the Lender's agents upon the Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by the Lender or the Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) the Lender, the Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) the Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents, any funds expended by the Lender for such purposes shall become indebtedness of the Borrower to the Lender secured by the Security Instrument pursuant to Section 9 of the Security Instrument.

The Borrower represents and warrants that the Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent the Lender from exercising its rights under this paragraph.

The Lender, or the Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to the Borrower. However, the Lender, or the Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of the Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

7. By this paragraph, the Lender is notifying the Borrower that any prior waiver by the Lender of the Borrower's obligation to pay to the Lender funds for any or all Escrow Items is hereby revoked, and the Borrower has been advised of the amount needed to fully fund the Escrow Items.

8. If the original loan documents did not include standard provisions for escrow items, the Borrower will pay to the Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by the Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to the Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees and assessments that the Lender requires to be escrowed. These items are called "Escrow Items." The Borrower shall promptly furnish to the Lender all notices of amounts to be paid under this paragraph. The Borrower shall pay the Lender the Funds

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 5 of 10 pages)



Loan Number

for Escrow Items unless the Lender waives the Borrower's obligation to pay the Funds for any or all Escrow Items. The Lender may waive the Borrower's obligation to pay to the Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, the Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by the Lender and, if the Lender requires, shall furnish to the Lender receipts evidencing such payment within such time period as the Lender may require. The Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If the Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and the Borrower fails to pay the amount due for an Escrow Item, the Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and the Borrower shall then be obligated to repay to the Lender any such amount. The Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, the Borrower shall pay to the Lender all Funds, and in such amounts, that are then required under this paragraph.

The Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit the Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. The Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including the Lender, if the Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. The Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. The Lender shall not charge the Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless the Lender pays the Borrower interest on the Funds and applicable law permits the Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, the Lender shall not be required to pay the Borrower any interest or earnings on the Funds. The Lender and the Borrower can agree in writing, however, that interest shall be paid on the Funds. The Lender shall provide the Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, the Lender shall account to the Borrower for the excess Funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, the Lender shall notify the Borrower as required by RESPA, and the Borrower shall pay to the Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, the Lender shall promptly refund to the Borrower any Funds held by the Lender.

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 6 of 10 pages)



**Loan Number** 

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

*(Page 7 of 10 pages)*

Loan Number

## TO BE SIGNED BY BORROWER ONLY

BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA And BRADY L. BRYAN, JR. AND MARIANNE BRYAN, HUSBAND AND WIFE, LOAN NUMBER 3050737836 WITH A MODIFICATION EFFECTIVE DATE OF December 01, 2015

In Witness Whereof, the Borrower(s) have executed this agreement.

Borrower - BRADY L. BRYAN, JR.
(Must Be Signed Exactly as Printed)

Date: 11/20/15

Borrower - MARIANNE BRYAN
(Must Be Signed Exactly as Printed)

Date: 11/20/15

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF __WORCESTER__
Enter County Here

On this __20__ day of __NOVEMBER__, __2015__, before me, the undersigned notary public, personally appeared BRADY L. BRYAN, JR. and MARIANNE BRYAN, proved to me through satisfactory evidence of identification, which were __MA - DRIVER'S LICENSES__, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

(Seal)

(Signature of officer taking acknowledgment)



CATHERINE GLABACH
Notary Public, Commonwealth of Massachusetts
My Commission Expires March 14, 2019

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

(Page 8 of 10 pages)



Loan Number ▮

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA And BRADY L. BRYAN, JR. AND MARIANNE BRYAN, HUSBAND AND WIFE, LOAN NUMBER 3050737836 WITH A MODIFICATION EFFECTIVE DATE OF December 01, 2015

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A. SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA**

By: _____

Printed Name:

Date: _____

JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae UNIFORM INSTRUMENT
ver. 10_21_2015_11_01_01

CR42439
WF501

*(Page 9 of 10 pages)*



**Loan Number**

State of MICHIGAN
County of OAKLAND

On this _____ date of _____, 20_____, before me, the undersigned notary public, personally appeared _____ (name of document signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

as Vice President for JPMORGAN CHASE BANK, N.A. SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, a national banking association

_____
(official signature and seal of notary)
Printed Name:

My Commission expires: _____

**JPMC MODIFIED LOAN MODIFICATION AGREEMENT – Single Family – Fannie Mae   UNIFORM INSTRUMENT**
ver. 10_21_2015_11_01_01

CR42439
WF501

*(Page 10 of 10 pages)*



In re **Brady L Bryan, Jr.**
**Marianne Bryan**
**Debtors**

Case No. **11-44266**

Chapter **13**

# UNITED STATE BANKRUPTCY COURT
## District of Massachusetts

### Certificate of Service

I hereby certify that on December 16, 2015 I electronically served

- MOTION TO APPROVE HOME LOAN MODIFICATION

via the CM/ECF System of the United States Bankruptcy Court for the District of Massachusetts upon the

- United States Trustee and
- the Standing Chapter 13 Trustee

**Manual Notice List**

I further certify that I, served a copy of the same by first class mail, postage prepaid, on the non CM/EFC participants on the attached list.

Date:   December 16, 2015

By:

/s/ Robert W. Kovacs, Jr.   LC
Robert W. Kovacs, Jr.
BBO# 671497
Law Office of Robert W. Kovacs, Jr.
172 Shrewsbury Street
Worcester, MA 01604
(508) 926 – 8833
Robert@RKovacsLaw.com

```
Label Matrix for local noticing          Worcester                                 Acs/edfundin
0101-4                                    U.S. Bankruptcy Court                    501 Bleecker St
Case 11-44266                             595 Main Street                          Utica, NY 13501-2401
District of Massachusetts                 Worcester, MA 01608-2076
Worcester
Wed Dec 16 11:15:44 EST 2015

Allied Interstate                         Asset Acceptance                         Bank Of America
300 Corporate Dr, 5th Floor               P.O. Box 1630                            100 North Tryon Street
Columbus, OH  43231                       Warren, MI 48090-1630                    Charlotte, NC 28255-0001



Bank Of America                           Bank Of America Home Loans               (p)BANK OF AMERICA
Po Box 15026                              Customer Service                         PO BOX 982238
Wilmington, DE 19850-5026                 Po Box 5170                              EL PASO TX 79998-2238
                                          Simi Valley, CA  93062-5170



Bank Of America, NA                       Bank of America                          Boylston Light Dept
150 Allegheny Center Mall                 Home Loan Services, Inc.                 Paul X Tivnan Road
Pittsburgh, PA 15212-5335                 150 Allegheny Center Mall                Po Box 753
                                          Pittsburgh, PA 15212-5335                Boylston, MA 01505-0753



CREDIT ACCEPTANCE                         Capital One (USA) NA                     Capital One (USA) NA
25505 W 12 MILE RD SUITE 3000             General Correspondence                   PO Box 71083
SOUTHFIELD MI 48034-8331                  PO Box 30285                             Charlotte, NC 28272-1083
                                          Salt Lake City, UT 84130-0285



(p)CHASE CARD SERVICES                    Chase                                    Chase Bank USA, N.A.
201 NORTH WALNUT STREET                   Po Box 15298                             PO Box 15145
ATTN MARK PASCALE                         Wilmington, DE 19850-5298                Wilmington, DE 19850-5145
MAIL STOP DE1-1406
WILMINGTON DE 19801-2920

Chase Card Services                       Chase Home Finance Llc                   Chase Home Mortgage
PO Box 15298                              3415 Vision Drive                        Collection Dept
Wilmington, DE 19850-5298                 Columbus, OH 43219-6009                  Po Box 44118
                                                                                   Jacksonville, FL  32231-4118



Chase Home Mortgage                       Chex Systems                             Citibank South Dakota
Customer Service                          Consumer Relations                       5800 North Course Drive
Po Box 24696                              7805 Hudson Rd, Suite 100                Houston, TX 77072-1613
Columbus, OH 43224-0696                   Woodburym, MN 55125-1595



Citibank South Dakota                     Cleveland Institute Of Electronics       Collection
Home Depot Business MasterCard            C/O Security Credit Systems, Inc.        8875 Aero Dr
5800 North Course Drive                   PO Box 846                               San Diego, CA 92123-2251
Houston, TX 77072-1613                    Buffalo, NY 14240-0846



Discover Bank                             Discover Fin Svcs Llc                    (p)DISCOVER FINANCIAL SERVICES LLC
DB Servicing Corporation                  Po Box 15316                             PO BOX 3025
PO Box 3025                               Wilmington, DE 19850-5316                NEW ALBANY OH 43054-3025
New Albany, OH  43054-3025
```

| | | |
|---|---|---|
| Discover Fincl Svc Lls<br>12 Reeds Way<br>New Castle, DE  19720-1649 | Equifax Information Services, LLC<br>PO Box 740256<br>Atlanta, GA 30374-0256 | Equitable Ascent Financial<br>1120 West Lake Cook Road - Suite A350<br>Buffalo Grove, IL 60089-1970 |
| Experian<br>Po Box 2002<br>Allen, TX 75013-2002 | First Essex Bank<br>296 Essex Street<br>Lawrence, MA 01840-1516 | GE Money Bank<br>PO Box 103104<br>Roswell, GA 30076-9104 |
| Harmon Law Office<br>150 California Street<br>Newton, MA 02458-1005 | JPMorgan Chase Bank, NA<br>3415 Vision Drive<br>Mail Code: OH4-7142<br>Columbus, OH 43219-6009 | Jc Penny<br>Po Box 965009<br>Orlando, FL  32896-5009 |
| LVNV Funding<br>Po Box 10584<br>Greenville, SC 29603-0584 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Law Office Of Howard Lee Schiff Pc<br>340 Main Street<br>Po Box 959<br>Worcester, MA 01608-1603 |
| Law Office Of Howard Lee Schiff Pc<br>510 Tolland Street<br>East Hartford, CT 06108-2523 | Lead Recovery Solutions, LLC<br>5440 N. Cumberland Ave<br>Suite 300<br>Chicago, IL 60656-1486 | Lustig, Glaser & Wilson, P.C.<br>PO Box 9127<br>Needham, MA  02492-9127 |
| MBNA/Bank Of America<br>P.O. Box 85520<br>Richmond, VA 23285-5520 | MCM<br>Dept 12421<br>P.O. Box 603<br>Oaks, PA 19456-0603 | MERS<br>PO Box 2026<br>Flint, MI  48501-2026 |
| Merrimack Valley FCU<br>500 Merrimack Street<br>Lawrence, MA 01843-1756 | Metrowest Anesthesiology<br>400 Union Ave<br>Framingham, MA  01702-5890 | Metrowest Emergency Physicians<br>Billing Office<br>Po Box 449<br>Natick, MA 01760-0005 |
| Metrowest Medical Center<br>Po Box 830913<br>Birmingham, AL  35283-0913 | Midland<br>Dept 12421<br>Po Box 603<br>Oaks, PA 19456-0603 | Midland Credit Management, Inc.<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123-2255 |
| National Grid<br>P.O. Box 11737<br>Newark, NJ 07101-4737 | National Grid<br>Po Box 1005<br>Woburn, MA  01807-1005 | (p)NSTAR GAS COMPANY AND NSTAR ELECTRIC COMPA<br>ATTN LEGAL COLLECTIONS<br>1 NSTAR WAY NW 220<br>WESTWOOD MA 02090-2341 |
| Oliphant Financial, LLC<br>9009 Town Center Parkway<br>Lakewood Ranch, FL 34202-4185 | PRA Receivables Management LLC., as agent of<br>Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541-1067 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |

| | | |
|---|---|---|
| Quantum3 Group LLC<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | RCS Recovery Services<br>1499 West Palmetto Park Road, Suite 140<br>Bocca Raton, FL 33486-3319 | Redline Recovery<br>11675 Rainwater Drive, Suite 350<br>Alpharetta, GA 30009-8693 |
| Robert Kelly DDS<br>434 Old Conneticut Path<br>Framingham, MA 01701-4576 | Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | Solomon & Solomon P.C.<br>Five Columbia Circle<br>Albany, NY 12203-6374 |
| Southboro Medical Group<br>24 Newton Street<br>Southboro, MA 01772-1215 | Sprint<br>P.O. Box 105243<br>Atlanta, GA 30348-5243 | Stephens And Michaels Assocaites<br>Po Box 1826<br>Southgate, MI  48195-0826 |
| TransUnion Consumer Relations<br>Po Box 2000<br>Chester, PA 19016-2000 | Vital Recovery Services, Inc.<br>P.O. Box 923748<br>Norcross, GA 30010-3748 | Vonage<br>23 Main Street<br>Holmdel, NJ 07733-2136 |
| WFS/Wachovia<br>P.O. Box 1697<br>Winterville, NC 28590-1697 | Washington Mutual<br>2310 Enterprise Drive<br>Florence, SC  29501 | Wells Fargo<br>P.O. Box 10335<br>Des Moines, IA 50306-0335 |
| Zwicker And Associated<br>80 Minutemand Rd<br>Andover, MA 01810-1008 | Brady L Bryan Jr.<br>1 Underwood Ave<br>Boylston, MA 01505-1709 | ~~Denise M. Pappalardo~~<br>~~P. O. Box 16607~~<br>~~Worcester, MA 01601-6607~~ |
| Marianne Bryan<br>1 Underwood Ave<br>Boylston, MA 01505-1709 | ~~Richard King~~<br>~~Office of US Trustee~~<br>~~446 Main Street~~<br>~~14th Floor~~<br>~~Worcester, MA 01608-2381~~ | ~~Robert W Kovacs Jr~~<br>~~Kovacs Law, P.C.~~<br>~~172 Shrewsbury Street~~<br>~~Worcester, MA 01604-4636~~ |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank Of America, N.a.<br>4161 Piedmont Pkwy<br>Greensboro, NC  27410 | Chase<br>Po Box 1093<br>Northridge, CA  91328 | Discover Financial Systems<br>P.O. Box 15316<br>Wilmington, DE 19850 |
| Nstar<br>One NSTAR Way<br>Westwood, MA  02090 | Portfolio Recovery Associates, LLC<br>P.O. Box 12914<br>Norfolk, VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JP Morgan Chase Bank, National Association          End of Label Matrix
                                                        Mailable recipients    80
                                                        Bypassed recipients     1
                                                        Total                  81