**United States Bankruptcy Court**
**District of Massachusetts**
FIRST POST CONFIRMATION AMENDED **CHAPTER 13 PLAN**

Filing Date: ~~January 04, 2016~~  1/19/2016          Docket #: 11-44266-CJP

Debtor: **Bryan, Brady L Jr.**                        Co-Debtor: **Bryan, Marianne**

SS#: 6735                                              SS#: 5687

Address: **1 Underwood Ave**                          Address: **1 Underwood Ave**

**Boylston, MA  01505-1709**                          **Boylston, MA  01505-1709**

Debtor's Counsel:
Law Office or Robert W. Kovacs, Jr.
172 Shrewsbury St

Worcester, MA  01604-4636
T: 508-926-8833
F: 508-459-1723
E: Robert@RKovacsLaw.com

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed before the deadline stated above. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to be paid under any plan that may be confirmed.



United States Bankruptcy Court

District of Massachusetts

FIRST POST CONFIRMATION **CHAPTER 13 PLAN**

Docket No.: 11-44266-CJP

DEBTOR(S):  (H) **Bryan, Brady L Jr.**           SS# 6735
            (W) **Bryan, Marianne**              SS# 5687

## I. PLAN PAYMENT AND TERM:

The total term of the plan is 60 months with 12 remaining payments:

Effective Date: January 20, 2016

New Payment: $858.00

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Chase Mortgage | Mortgage Arrears a home loan modification has cured the mortgage arrears, the lender shall receive no further distributions. | 22,665.43 |
| Boylston Water and and Light | Public Utility | 600.00 |

Total of secured claims to be paid through the Plan: $ 23,265.43

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| Chase Mortgage | On going mortgage payments, post modification. |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Bank of America | **LIEN STRIP OF WHOLLY UNSECURED SECOND MORTGAGE**<br><br>The second mortgage held by Bank of America/MERS and any and all successors and assigns is wholly unsecured by the Debtors' primary/principle residence located at 1 Underwood | This claim is being treated as unsecured and will be paid pro-rate from the |



| | | |
|---|---|---|
| | Ave, Boylston, MA.<br><br>The debtors have listed the second mortgage as a modified unsecured claim to be paid pro-rate from the unsecured POT of funds in this Plan.<br><br>Upon Debtors' successful completion of this Plan and entry/order of discharge of debtors' debts by the court:<br><br>(1) the lien held by Bank of America/MERS and any and all successors and assigns shall be canceled, voided, removed and discharged from debtors real estate; and<br><br>(2) Bank of America/MERS and any and all successors and assigns shall provide to the debtors a mortgage discharge in a form that complies with the recording requirements at the Southern Worcester County Registry of Deeds.<br><br>Said mortgage is recorded with the Worcester County Registry of Deeds at<br>Book 41046<br>page 131 | unsecured POT. Case |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
None

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
None

iii. The arrears under the lease to be paid under the Plan are _____.

## III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

Total of Priority Claims to Be Paid Through the Plan: $_____0.00

## IV. ADMINISTRATIVE CLAIMS:



A. Attorneys fees (to be paid through the Plan): $ 2724.00.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

C. The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

V. UNSECURED CLAIMS:

The estimated dividend to be paid to unsecured credits is 18.42% of their claims. **THIS IS A POT OR POOL PLAN: Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the "POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.**

A. General unsecured claims:                                              $    41,511.99*

* per claims filed

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Bank of America | Wholly unsecured second in priority mortgage loan | 58,445.00 |

C. Non-Dischargeable Unsecured Claims:
**Claims listed in this subsection are generally non-dischargeable. Debtor may seek a determination from the Court that the claims listed here are dischargeable. Listing of a claim under this subsection does not and should not be construed as Debtor(s) admission that these claims are nondischargeable.**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| ACS | Student Loan | 8,800.00 |

Total of A + B + C unsecured claims: $    108,756.99

D. Multiply total by percentage: $20,036.00.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

Total amount of separately classified claims payable at 100%: $    0.00

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:
1. THIS IS A POT OR POOL PLAN: Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the "POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.

2. Holders of judicial liens that may be avoided under section 522(f) or other code section have been treated in this plan as unsecured. Said holders of judicial liens shall receive a pro-rata distribution from the unsecured POT of funds. As allowed by further order of the Court such liens shall be voided under the bankruptcy code.

3. Changes from last confirmed plan:

Chase mortgage was modified.

Plan payment increased to $858 per month.

## VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---:|
| A. Secured claims (Section I-A Total): | $ 23,265.43 |
| B. Priority claims (Section II-A & B Total): | $ 0.00 |
| C. Administrative claims (Section III-A & B Total): | $ 2,724.00 |
| D. Regular unsecured claims (Section IV-D Total): + | $ 20,036.00 |
| E. Separately classified unsecured claims: | $ 46,025.43 |
| F. Total of a + b + c + d + e above: | $ 51,139.37 |
| G. Total paid by the debtors as of 1/4/2016 | $40,848.00 |
| H. Total amount due to complete the plan | $10,291.37 |
| I. Remaining months to complete plan | 12 |
| J. New plan payment | $858.00 |

## VIII. LIQUIDATION ANALYSIS

The Debtors aver, under the pains and penalties of perjury, that upon there best information and belief that there has not been any material changes in the liquidation analysis since the last confirmed plan.



## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Mr. Robert W. Kovacs Jr.                                 January 4, 2016
Debtor's Attorney                                            Date


Attorney's Address:
Law Office or Robert W. Kovacs, Jr.
172 Shrewsbury St
Worcester, MA 01604-4636
T: 508-926-8833
F: 508-459-1723
E: Robert@RKovacsLaw.com

Tel. # _____     Email Address: **robert@kovacslawfirm.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT**

ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| | |
|---|---|
| /s/ Brady L Bryan, Jr. | January 4, 2016 |
| Debtor | Date |
| /s/ Marianne Bryan | January 4, 2016 |
| Debtor | Date |