UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

IN RE:

Brady L. Bryan and Marianne Bryan

MTGLQ Investors, L.P.,

VS.

Brady L. Bryan and Marianne Bryan

CHAPTER 13
CASE NO. 11-44266-CJP

## MOTION FOR RELIEF FROM STAY

To the Honorable Christopher J. Panos:

MTGLQ Investors, L.P., your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1.    The movant has a mailing address of c/o Shellpoint Mortgage Servicing, 15 South Main Street Suite 600, Greenville, SC 29601.

2.    The debtors, Brady L. Bryan and Marianne Bryan, have a mailing address of 1 Underwood Avenue, Boylston, MA 01505.

3.    On October 12, 2011, the debtors filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4.    The debtors' Chapter 13 plan was confirmed on March 9, 2016.

5.    The movant is the holder of a mortgage on real estate in the original amount of $252,000.00 given by Brady L. Bryan, Jr. and Marianne Bryan to Washington Mutual Bank, FA on or about March 7, 2005.  Said mortgage is recorded with the Worcester County (Worcester District) Registry of Deeds at Book 35863, Page 283, as affected by a loan modification agreement

effective December 1, 2015, and covers the premises located at 1 Underwood Avenue, Boylston, MA 01505.

6. Said mortgage secures a note given by Brady L. Bryan, Jr. and Marianne Bryan to Washington Mutual Bank F/K/A Washington Mutual Bank, F.A. in the original amount of $252,000.00.

7. There is no other collateral securing the obligation.

8. Said mortgage was assigned by JPMorgan Chase Bank, NA Successor in Interest by Purchase from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank F/K/A Washington Mutual Bank, F.A., Its Successors and assigns to your movant. Said assignment is recorded with the Worcester County (Worcester District) Registry of Deeds at Book 54962, Page 272. A copy of the mortgage, loan modification agreement, note and assignment is annexed hereto and marked as **Exhibit 'A'.**

9. There is a declaration of Homestead recorded with the Worcester County (Worcester District) Registry of Deeds at Book 32767, Page 237.

10. As of July 31, 2016, approximately $222,018.34 in principal, interest, late fees and other charges was due with regard to MTGLQ Investors, L.P.'s note and mortgage.

11. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| Movant | First mortgage | $222,018.34 |
| Bank of America* | Second mortgage | $58,445.00 |
| Boylston Light Dept. | Utility | $600.00 |
| Total Secured Encumbrances: | | **$281,063.34** |

*To be stripped off pursuant to the Debtors' Chapter 13 Plan.

12. The pre-petition arrearage was capitalised by a loan modification agreement.

13. According to the debtors' schedules, the fair market value of the subject property is $217,000.00. The liquidation value of the subject property is $202,490.48, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($ 989.52) and anticipated costs incurred for a real estate closing of $500.00.

14. The debtors have no equity in the property.

15. The debtors have failed to remain current with the post-petition payments to MTGLQ Investors, L.P.

16. The last post-petition payment received by the movant was a payment in the amount of $4,202.52, received on or about December 15, 2015, and was applied to the December 1, 2015, January 1, 2016 and February 1, 2016 post petition payments.

17. The total post-petition arrearage due as of July 31, 2016 is $6,974.32, excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $1,026.0 have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

18. The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $1,399.97, which payments are due on the first of every month. The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19. The property is not necessary for a successful reorganization of the debtors.

20. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan

documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

    I.    Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtors have not made timely post petition payments, and that the debtors have failed to provide the plaintiff with adequate protection;

    II.    Pursuant to 11 U.S.C. 362 (d)(2) on the basis that the debtors have no equity in the subject property and the property is not necessary for effective reorganization.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

    Respectfully submitted,
    MTGLQ Investors, L.P.,
    By its Attorney

    /s/ Tatyana P. Tabachnik
    Tatyana P. Tabachnik, Esquire
    BBO# 673236
    Harmon Law Offices, P.C.
    P.O. Box 610389
    Newton Highlands, MA 02461-0389
    (617) 558-0500
    mabk@harmonlaw.com

Dated: August    23    , 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

IN RE:

Brady L. Bryan and Marianne Bryan

CHAPTER 13
CASE NO. 11-44266-CJP

CERTIFICATE OF SERVICE

    I, Tatyana P. Tabachnik, Esquire, state that on August 23, 2016, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Massachusetts on behalf of MTGLQ Investors, L.P. using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Richard King, Esquire, Assistant US Trustee
Denise M. Pappalardo, Esquire, Chapter 13 Trustee
Robert W. Kovacs, Jr., Esquire for the Debtors
Marcus Pratt, ERsquire for MTGLQ Investors, L.P.

    I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

/s/ Tatyana P. Tabachnik
Tatyana P. Tabachnik, Esquire
BBO# 673236

Brady L. Bryan
1 Underwood Avenue
Boylston, MA 01505

Marianne Bryan
1 Underwood Avenue
Boylston, MA 01505

Bank of America, N.A.
4161 Piedmont Pkwy
Greensboro, NC 27410

Boylston Tax Collector
221 Main Street
Boylston, MA 01505

Boylston Light Dept.
Paul X. Tivnan Road
P.O. Box 753
Boylston, MA 01505

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

| | |
|---|---|
| In re:<br><br>Brady L. Bryan and Marianne Bryan,<br><br>Debtors. | CHAPTER 13<br>CASE NO. 11-44266-CJP |

### Order Granting MTGLQ Investors, L.P. Relief From Stay And Leave To Foreclose Mortgage

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that MTGLQ Investors, L.P., its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Brady L. Bryan, Jr. and Marianne Bryan to Washington Mutual Bank, FA dated March 7, 2005 and recorded with the Worcester County Registry of Deeds at Book 35863, Page 283 and which covers the premises located at 1 Underwood Avenue, Boylston, MA 01505, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

Honorable Christopher J. Panos
United States Bankruptcy Judge

201101-1204